UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDI GENDI and MARITHERESE RAID,<br><br>Plaintiffs,<br><br>v.<br><br>OAK RIDGE FINANCIAL, LLC,<br><br>Defendant. | No.  2:22-cv-01809 DAD AC<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiffs have filed a motion for default judgment.  ECF No. 14.  The motion is improperly noticed.  Pursuant to Local Rule 302(c)(19), motions for default judgment must be noticed before the assigned Magistrate Judge.  The motion is further deficient because it does not contain the information or argument necessary for entry of default judgment.

I. Procedure for Default

A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a).  The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation.  If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order.  A default entry is not a judgment, but it is a necessary precondition for judgment.

If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230. The motion may be made any time after entry of defendant's default.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

II.   Procedural Posture

Plaintiffs filed their complaint against Oak Ridge Financial, LLC, on October 13, 2022. ECF No. 1. Plaintiffs subsequently filed proof of service. There was no appearance on behalf of defendant, and plaintiffs took no further action. On February 13, 2023, the district judge ordered plaintiffs to show cause why the action should not be dismissed for failure to prosecute. ECF No.

6. Plaintiffs then requested a Clerk's entry of default, default was entered, and the OSC was discharged. ECF Nos. 7, 9, 12, respectively. Again, plaintiffs took no further action. On June 15, 2023, a second order to show cause issued. ECF No. 13. The instant motion followed.

Plaintiff's motion for default judgment recites the facts of defendant's failure to appear and on that basis seeks judgment. ECF No. 14. The motion completely fails to address the Eitel factors discussed above, or to brief the legal adequacy of plaintiff's allegations to support relief on each cause of action. Accordingly, the moving party has failed to demonstrate its entitlement to the relief it seeks.

It will be recommended that the instant motion be denied, but that plaintiffs be permitted to file a new motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) that addresses the factors set forth in Eitel v. McCool, above. Plaintiffs are reminded that it is their burden to brief the elements of each cause of action and argue why the specific allegations of the complaint, assumed to be true, support judgment. Plaintiffs are further informed that it is the practice of the undersigned to require that motions for default judgment be served on defendants. Proof of service should be attached to the motion.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMENDED that plaintiffs' motion for default judgment (ECF No. 14) is DENIED without prejudice to filing a fully briefed motion noticed before the Magistrate Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

2  (9th Cir. 1991).

3  DATED: June 22, 2023

  _allison Claire_
  ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE