UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDI GENDI and MARITHERESE RAID,<br><br>             Plaintiffs,<br><br>     v.<br><br>OAK ROCK FINANCIAL, LLC,<br><br>             Defendant. | No.  2:22-cv-01809 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

    This case is before the court on plaintiff's motion for default judgment. ECF No. 19. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The motion was set for hearing on the papers on November 15, 2023. ECF No. 23. Defendant has not responded to the motion or participated in this case in any way. For the reasons set forth below, the court recommends plaintiffs' motion be GRANTED, and that judgment be entered in favor of plaintiffs.

### I.  Relevant Background

    Plaintiffs brought this diversity jurisdiction action on October 13, 2022, seeking declaratory relief to quiet title on their home, related to a Deed of Trust held by defendant. ECF No. 1. The Deed of Trust was recorded in Placer County as Document # 2009007328000 against plaintiff's interest in the real property commonly known as 5515 Parkford Circle, Granite Bay, California. ECF No. 22. According to the complaint, on August 1, 2005, plaintiff Magdi Gendi's

corporate entity, M.K. Auto Inc. ("MK Auto") borrowed three million dollars from defendant, and Mr. Gendi executed a personal guarantee of this debt. ECF No. 1 at 2. Defendant financed MK Auto's business operations through the credit line. Id. As owner and principal of MK Auto, Gendi agreed to give the Deed of Trust to his personal home to defendant to the extent of $600,000.00 as security for the credit line. Id. at 3. The credit line was eventually increased and used up to approximately 14 million dollars. Id. During this time, defendant was engaged in substantial fraud with its creditors through its principal, John Murphy. Id. Defendant's fraud resulted in defendant becoming obligated to MK Auto in an amount exceeding 20 million dollars. Id.

When defendant's fraud was uncovered and Murphy was found to have committed serious financial crimes involving a 100-million-dollar fraudulent scheme, a Chapter 7 involuntary bankruptcy was initiated against defendant. Id. The bankruptcy case was filed on April 29, 2013, in the United States Bankruptcy Court for the Eastern District of New York (Case No. 8-13-72251). Id. The Bankruptcy Court converted the case to Chapter 11 on May 6, 2013, and entered an order for relief on May 16, 2013. Id. In defendant's bankruptcy case, defendant alleged that MK Auto defaulted on its credit debt to defendant on May 31, 2013. Id. Defendant filed its bankruptcy schedules and statements with the Bankruptcy Court on June 12, 2013, but did not disclose or list any interest in the Deed of Trust attached to plaintiffs' home. Id. Indeed, defendant did not disclose any interest in real property whatsoever. Id. at 4. Nor did defendant disclose any interest in the Deed of Trust in its Schedule B form to Bankruptcy Court. Id.

On September 3, 2023, MK Auto filed a proof of claim in defendant's bankruptcy case amounting to more than 20 million dollars. Id. On December 7, 2018, defendant filed a further amendment of its Joint Liquidation Plan with the Bankruptcy Court, which again failed to disclose any interest in the Deed of Trust to plaintiffs' house. Id. The Bankruptcy Court entered an order confirming the Plan on December 12, 2018, revesting the property of defendant's bankruptcy estate in defendant. Id. The Bankruptcy Court closed defendant's bankruptcy case on June 30, 2019, and a final decree was issued July 8, 2019. Id.

////

A summons in this case was returned executed on October 28, 2022. ECF No. 4. Defendant did not appear, and plaintiff moved for entry of default on February 14, 2023. ECF No. 7. The clerk entered default on February 15, 2023. ECF No. 9. Plaintiffs moved for default judgment on June 21, 2023, but did not include substantive briefing. ECF No. 15. That motion was denied without prejudice as incomplete. ECF Nos. 16, 17. Plaintiff filed a renewed motion for default judgment on November 3, 2023. ECF No. 19. Defendant did not respond to the motion for entry of default judgment, and has not otherwise appeared at any time.

## II. Motion

Plaintiffs move for default judgment on all counts, seeking the following relief:

A. That the court quiet title of plaintiffs' property against defendant and in favor of plaintiffs, free and clear of the Deed of Trust;

B. That the court make a judicial declaration that plaintiffs are owners of the property free and clear of defendant's lien;

C. That the court make a judicial declaration that defendant's Deed of Trust against the property is invalid and void or that the court remove the Deed of Trust lien on the property; and

D. That the court award attorney's fees for the prosecution of this case.

ECF No. 19 at 3-5.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

3

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

  1. Factor One: Possibility of Prejudice to Plaintiffs

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiffs would suffer prejudice if the court did not enter a default judgment because they would be without recourse for

the clouded title on their home.  Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

          2.   <u>Factors Two and Three: Merits of Claims and Sufficiency of Complaint</u>

        The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See <u>Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc</u>., 238 F.Supp.2d at 1175.  Plaintiff brings a claim of quiet title, seeking declaratory judgment on multiple bases including (1) judicial estoppel, (2) res judicata, (3) expired statute of limitations, (4) waiver, and (5) California's "One Action Rule," Cal. Civ. Proc. Code § 726(a).  ECF No. 1 at 4-7.  Although plaintiff has alleged multiple bases for relief, the only substantive relief sought is a declaratory judgment quieting title in their home.  Accordingly, finding judicial estoppel a sufficient basis for the relief sought, the court addresses only judicial estoppel.

        The Declaratory Judgments Act (28 U.S.C. § 2201(a)) states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  Plaintiffs seek a declaratory judgment that the Deed of Trust held by defendant is invalid and void, and ask the court to remove the Deed of Trust Lien on their property, which is a subject ripe for review under the Declaratory Judgments Act.  A<u>tain Specialty Ins. Co. v. All New Plumbing, Inc.</u>, Case No. 2:18-cv-02746-MCE-KJN, 2019 WL 3543854, at *3 (E.D. Cal. Aug. 5, 2019).  Where a declaratory judgment action is based on diversity jurisdiction, California law controls.  See, <u>St. Paul Mercury Inc. Co. v. Ralee Eng'g Co.</u>, 804 F.2d 520, 522 (9th Cir. 1986).

        "In California, courts consider five factors in determining whether to apply judicial estoppel: 'The doctrine most appropriately applies when (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'"  <u>Gottlieb v. Kest</u>, 141 Cal. App. 4th 110, 131,

5

(2006) (quoting Aguilar v. Lerner, 32 Cal.4th 974, 986-87 (2004)).  California courts have held that where a party to a bankruptcy proceeding declared under penalty of perjury that the schedules it filed were true and correct, and it fails to list a claim, the bankrupt party may be properly judicially estopped from taking an inconsistent position and asserting that claim in future litigation.  Hamilton v. Greenwich Invs. XXVI, LLC, 195 Cal. App. 4th 1602 (2011), as modified (June 15, 2011).  Here, defendant failed to disclose its property interest in the Deed of Trust to plaintiffs' home in the now-concluded bankruptcy proceeding, and is properly judicially estopped from enforcing the Deed of Trust in the future.  Thus, the merits of the claim favor entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct.  Courts have held that where a plaintiff seeks only injunctive relief from the continued use of their trademarks, this factor favors entry of default judgment.  PepsiCo, Inc., 238 F. Supp. 2d at 1176–77.  Here, plaintiff seeks attorney's fees (or, in the alternative, equivalent statutory damages) and injunctive relief.  The amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations.  Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

////

5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendant with the summons and complaint. ECF Nos. 1 and 2. Moreover, plaintiff served defendant by mail with notice of its application for default judgment. ECF No. 13 at 30. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to defend himself in this action. Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant. What remains is the determination of the appropriate judgment.

C. Terms of Judgment

Plaintiff's motion for default judgment includes a request for declaratory relief and attorneys' fees. ECF No. 19 at 3-4. While the court finds default judgment on the merits appropriate, the court finds no basis for attorney's fees. "To recover attorneys' fees and costs on default judgment, the plaintiff must 'specify the judgment and the statute, rule, or other grounds [so] entitling' [the plaintiff]." In re Ferrell, 539 F.3d 1186, 1192 (9th Cir. 2008) (initial alteration

7

in original) (quoting Fed. R. Civ. P. 54(d)(2)(B)(ii)).  Under the "American Rule" followed in federal court, each party pays its own attorney fees unless a contract or statute requires otherwise.  Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015)).  Here, plaintiffs make a non-specific request for fee-shifting that is unsupported by legal argument.  ECF Nol. 19 at 4.  Because there is no apparent basis for fee shifting, that request must be denied.

### IV.   Conclusion

Pursuant to the foregoing, it is hereby RECOMMENDED THAT:

1. Plaintiffs November 3, 2023 motion for default judgment, (ECF No. 19) be GRANTED IN PART;

2. The court enter declaratory judgment that defendant Oak Rock Financial, LLC, is judicially estopped from enforcing the Deed of Trust recorded in Placer County as Document # 2009007328000 against plaintiffs' interest in the real property commonly known as 5515 Parkford Circle, Granite Bay, CA, and that Oak Rock Financial LLC's interest in the deed of trust is null and void;

3. The court enter declaratory judgment that the Deed of Trust held by Oak Rock Financial, LLC, recorded in Placer County as Document # 2009007328000 against plaintiffs' interest in the real property commonly known as 5515 Parkford Circle, Granite Bay, CA is avoided;

4. Plaintiffs' request for attorneys' fees be DENIED; and

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 29, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE